UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SUZANNE WASHINGTON,

      Plaintiff,

v.                                   Case No. 05-72666

AZ AUTOMOTIVE CORP.,           HONORABLE AVERN COHN
a foreign corporation,

      Defendant.
_____/


**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO AMEND[1]**

**I. Introduction**

This is an employment discrimination case.  Plaintiff Suzanne Washington

(Washington) is seeking damages from Defendant AZ Automotive (AZ) for termination

of her employment with AZ based on her race, gender, and for retaliation for protesting

racial and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. 2000e et seq. and the Michigan Civil Rights Act, M.C.L. 37.2101 et seq.

Before the Court is Washington's Motion to Amend the Complaint to add

Defendant Local 212, UAW (the Union) and assert a claim for unfair representation

under § 301 of the Labor Management Relations Act (LMRA).[2]  For the reasons that

---

[1]  The Court originally scheduled this matter for hearing.  Upon review of the
parties' papers, however, the Court finds that oral argument is not necessary.  See E.D.
Mich. LR 7.1(e)(2).

[2]  Washington violated the Eastern District of Michigan's local rules by failing to
deliver a judge's courtesy copy of her reply brief and associated exhibits to the Court's
chambers.  See E.D. Mich LR 5.1.1(c).  For a complete listing of the Court's courtesy

follow, the motion is GRANTED.

## II. Background[3]

Washington began her employment with AZ in April 2002 as an hourly employee represented by the Union.  On July 17, 2004, Washington was discharged for not following orders regarding the assembly of certain parts.  Washington was reinstated on August 17, 2004 after a grievance was filed which claimed disparate treatment based on Washington's race and/or gender.  On or about November 1, 2004, Washington was discharged again from her employment with AZ.  AZ says her termination was based on Washington fraudulently claiming unemployment compensation benefits to which she was not entitled. On or about November 4, 2004, the Union filed a grievance protesting Washington's discharge.  On November 11, 2004, the Union withdrew Washington's grievance with prejudice.  Washington, however, says that she was not notified of the Union's withdrawal of her grievance until July 7, 2005.  AZ says that Washington knew of the grievance withdrawal as early as April or May of 2005.

On July 6, 2005, Washington filed her complaint against AZ challenging her termination and claiming that she was discharged in retaliation for her complaint of racial discrimination.  On December 28, 2005, Washington requested that AZ stipulate to her request to amend the Complaint to add the Union as a defendant; AZ would not stipulate to such a request.  Washington then filed this motion to amend on the grounds that the discovery process revealed that the Union withdrew her grievance without

---

copy requirements, <u>see</u> http://www.mied.uscourts.gov/_practices/cc.htm.

[3] The background is taken from the parties' papers.

2

providing Washington with an opportunity to provide the Union with documentary evidence that she had not fraudulently claimed unemployment compensation benefits. In addition, Washington says that the Union did not give her an opportunity to prove that she had voluntarily returned any excess funds.

### III.  Discussion

### A.  Legal Standard

Under Fed. R. Civ. P. 15(a), a party may amend their pleadings after 20 days "only by leave of court or by written consent of the adverse party;" and leave to amend pleadings "shall be freely given when justice so requires."  The decision whether or not to permit the amendment is committed to the discretion of the trial court.  See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971); Estes v. Kentucky Util. Co., 636 F.2d 1131, 1133 (6th Cir. 1980).  This discretion, however, is "limited by Fed. R. Civ. P. 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits."  See Marks v. Shell Oil Co., 830 F.2d 68, 69 (6th Cir. 1987) (citation omitted).

In determining whether to permit amendment, some of the factors that may be considered by the district court are undue "delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Hageman v. Signal L.P. Gas, Inc., 486 F.2d at 484.  See also General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990). Moreover, in denying a motion to amend, a court must find "at least some significant showing of prejudice to the opponent."  Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986).

## B.  Analysis

Washington seeks to add the Union because she says it violated the Collective Bargaining Agreement (CBA), which is enforceable under § 301 of the LMRA, by not fairly representing her (a hybrid §301 claim). See 29 U.S.C.A. § 185.  AZ says that amendment should not be granted because Washington's claim against the Union is barred by the statute of limitations and lacks substantive merit.

### 1.  Statute of Limitations

#### a.  Legal Standard

A hybrid § 301 claim is subject to a six-month statute of limitations.  See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169 (1983). The limitations period "begins to run when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." Zimmer v. American Tel. & Teleraph Co. of Michigan, 947 F.Supp 302, 308 (E.D. Mich. 1994).  "A union's alerting a plaintiff that it will not pursue a grievance provides plaintiff with knowledge of acts constituting the alleged unfair representation violation, and thus triggers the period of limitations."  Id. at 308.

#### b.  The Parties' Arguments

Washington says that the she found out that her grievance had been withdrawn in April or May 2005 but thought that her mother-in-law (a co-worker) had withdrawn the grievance. Washington says that the first time she became aware that the Union itself had withdrawn the grievance was on July 6, 2005, when she received a letter confirming that the grievance had been withdrawn.  This was the same day she filed the complaint

4

and within the statute of limitations. Washington also says that she was unaware that the grievance was withdrawn *with prejudice* until December 8, 2005, when the deposition of AZ's Human Resources Manager, Terri Minard, was taken. More specifically, Washington says that the statute of limitations defense fails because: (1) Washington did not receive definitive notice that the Union was unwilling to pursue her grievance until August 2005 which is less than six months before she filed the motion to amend; and (2) the six-month time limitations period did not begin to run until August 2005, when Washington was able to determine that the exhaustion of her internal Union remedies would be futile.

AZ disputes this and says that Washington knew that the Union had withdrawn the grievance in April or May 2005.  AZ relies on the December 6, 2005 deposition testimony of Washington which it says establishes that she found out the Union withdrew her grievance in April of May of 2005.  In the alternative, AZ says that if Washington had exercised due diligence, she would have learned that her grievance was withdrawn no later than November 15, 2004.

### c.  Conclusion

Based on the record as it stands, there appears to be a factual dispute as to whether or not the statute of limitations prevents Washington's claim against the Union. As such, it is appropriate to allow the complaint to be amended and allow the facts to be sorted out in discovery with the addition of the Union as a defendant.  The Union will be free to file a motion to dismiss or for summary judgment as discovery proceeds.

### 2.  Futility

5

### a.  The Parties' Arguments

AZ also says that amendment should be denied because Washington's claim lacks merit.  AZ specifically says: (1) Washington cannot show that the Union breached its duty of representation; (2) Washington cannot show that the Union's alleged breach tainted the grievance process; and (3) Washington cannot establish her claim against AZ.

Washington says that her claim against the Union is not without substantive merit.  Washington claims that if she did not in fact fraudulently claim unemployment compensation benefits, her discharge was without good cause.  Accordingly, her termination would be a violation of the CBA which she is entitled to enforce under § 301.  In addition, if the Union arbitrarily withdrew Washington's grievance without affording her a chance to produce evidence that she had not committed a fraud or if the Union failed to take action once presented with evidence in Washington's defense, then its actions could potentially establish a breach of the Union's duty to fairly represent her. See Vaca v. Sipes, 386 U.S. 171 (1967).

### b.  Conclusion

These arguments, however, are inappropriate on a motion to amend and are more appropriate for a motion to dismiss or a motion for summary judgment. Washington's claim, as asserted, warrants granting leave to amend to add the Union as a defendant.

### IV. Conclusion

The papers accompanying the motion are excessive.  Both parties spent a great deal of time arguing the merits of Washington's claim against the Union.  The better course is to allow amendment to add the Union and then allow for the claim to be fully developed in discovery.  Motions to amend are to be freely granted as long as no undue prejudice would occur to the opposing party.  AZ has not convinced the Court that amendment is improper.

SO ORDERED.


 s/Avern Cohn                                         
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  March 2, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 2, 2006, by electronic and/or ordinary mail.


 s/Julie Owens                                    
Case Manager
(313) 234-5160